REGAN, Judge.
Plaintiff, Leon L. Labatt, Jr., the lessor of premises designated by the municipal No. 5035 Danneel Street, instituted this suit against the lessee, Yale Shamberg, endeavoring to recover the sum of $100, representing unpaid rent for the month of September, 1952, together with a reasonable attorney’s fee of $25 as provided for in the contract of lease.
Defendant answered and pleaded payment.
From a judgment in favor of the plaintiff as prayed for, defendant has prosecuted this appeal.
The record reveals that plaintiff and defendant entered into a written contract of lease on October 1, 1951, which terminated, on September 30, 1952, in consideration of a monthly rental of $100. In conformity with a condition of the lease defendant deposited with plaintiff the sum of $50 to cover any abnormal damages which may be incurred by the property during the course of lessee’s occupancy thereof. During the month of September, 1952, defendant vacated the premises without having paid the rent and this litigation resulted in consequence thereof.
Defendant has pleaded payment of the rent due and predicates this plea on the hypothesis that the $50 deposited with the lessor at the inception of the lease to cover abnormal “wear and. tear” of the property, together with a check for $50, which he insists he mailed to plaintiff, although he has failed to substantiate this contention in any respect, was payment of the rent for this period.
Plaintiff, on the other hand, has alleged and proven that the property suffered abnormal “wear and tear” in excess of $62 during defendant’s occupancy thereof and that he has never received any sum whatsoever in payment of or on account of the unpaid rent for September, 1952.
Only a question of fact has been posed for our consideration and a careful analysis of the record discloses that defendant has never paid to plaintiff the rent due and that the property did suffer abnormal “wear and tear” in excess of the deposit of $50 retained by plaintiff for such a contingency.
The trial judge was obviously of this opinion in view of the fact that there was judgment as prayed for in favor of the plaintiff in the amount of $125, which evidently was intended to encompass the unpaid rent together with a reasonable attorney’s fee of $25.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.